UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                      NUMBER: 03-0030

KENDELL THORNTON                            SECTION: "F"(5)


                    **REPORT AND RECOMMENDATION**

    Pursuant to an order of reference from the District Judge, presently before the Court are defendant's motions for leave to file an out-of-time appeal and for appointment of counsel and the government's combined opposition to those motions. (Rec. docs. 49, 48, 47, 51). For the reasons that follow, it is recommended that defendant's motions be denied.

    On October 14, 2003, pursuant to a plea agreement with the government, defendant pled guilty to being a convicted felon in possession of a firearm, possession with intent to distribute more than fifty grams of cocaine base, and possession with intent to distribute less than five hundred grams of cocaine. (Rec. docs. 29, 30, 31). On February 11, 2004, Thornton was sentenced to concurrent jail terms of one hundred twenty months on the firearm count and two hundred forty months on each of the remaining charges to which he pled, with the operative amended judgment and

commitment order being entered in the record on February 25, 2004. (Rec. docs. 37, 38). Pursuant to Rules 4(b)(1)(A) and 26(a)(2) of the Federal Rules of Appellate Procedure, the final day for timely appealing the judgment and commitment order was March 10, 2004. No notice of appeal, however, was filed by that date.

Thornton now moves the Court to grant him leave to file an out-of-time appeal, arguing that he "... informed his [c]ounsel that he wanted to [a]ppeal his conviction and sentence" but that counsel failed to do so. (Rec. doc. 47, p. 2). By way of a separate motion, Thornton moves for the appointment of counsel under 18 U.S.C. §3006(a) to assist him in presenting complaints regarding his sentence to the Fifth Circuit. (Rec. doc. 48).

Unfortunately for Thornton, the Court lacks the power to grant him the relief he seeks. As noted by the Fifth Circuit, "... a district court does not have the authority to create appellate jurisdiction simply by ordering an out-of-time direct criminal appeal. Compliance with the Federal Rules of Appellate Procedure is imperative." United States v. West, 340 F.3d 456, 459 (5th Cir. 2001). In order words, once the time period prescribed by Rule 4(b)(1)(A) has expired, the district court has no power to enlarge it. The Court also declines to recharacterize defendant's request for an out-of-time appeal as a motion brought pursuant to 28 U.S.C. §2255 because it was filed more than one year after his conviction had become final and is thus untimely according to the very terms of that statute. United States v. Silva, 150 Fed.Appx. 359, 360

2

(5th Cir. 2005). Appointing counsel to represent Thornton in litigating an untimely appeal or an untimely motion under §2255 would thus be a vain and useless task.

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that defendant's motions for an out-of-time appeal and for the appointment of counsel be denied.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this 22nd day of August, 2006.

Alma L. Chasez
UNITED STATES MAGISTRATE JUDGE

3