UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NUMBER: 03-0030 |
| KENDELL THORNTON | SECTION "F" (5) |

### REPORT AND RECOMMENDATION

Pursuant to a remand by the United States Court of Appeals for the Fifth Circuit and a subsequent order of reference from the District Judge, this matter comes before the Court once again for the purpose of determining whether defendant's recent notice of appeal was timely-filed. (Rec. docs. 57, 58, 54, 59, 60, 61). For the reasons that follow, it is recommended that defendant's notice of appeal be deemed to be timely-filed.

In the interest of judicial economy, the Court will recall here only those proceedings which are relevant to a resolution of the matter at hand.

On September 20, 2006, an order was entered in this case in which the District Judge denied defendant's motions for an out-of-time appeal and for the appointment of counsel. (Rec. doc. 53). Pursuant to Rules 4(b)(1)(A)(i) and 26(a)(2) of the Federal Rules of Appellate Procedure, the final day for filing a timely notice of appeal with respect to the foregoing order was October 4, 2006. Defendant's notice of appeal in the present case bears a certificate of service dated October 2, 2006, the envelope in which it was mailed to the Court was postmarked on October 12, 2006, and the notice itself was formally filed by the Clerk's Office on October 16, 2006. (Rec. doc. 54). Utilization of the latter two dates would thus render defendant's notice of appeal untimely.

Under Rule 4(c)(1) of the Federal Rules of Appellate Procedure, however, an inmate's notice

of appeal is deemed to be timely if it is deposited in the prison's internal mail system to be forwarded to the court on or before the last day for filing. Rule 4(c)(1) further provides that timely filing may be shown by way of a notarized statement which sets forth the date that the notice was deposited in the prison's mail system.

At the Court's request, defendant has submitted an affidavit attesting to the fact that he deposited his October 2, 2006 notice of appeal in the prison's mail system on that same date, thus rendering it timely under Rules 4(b)(1)(A)(i) and 26(a)(2). (Rec. docs. 59, 60). For its part, the government does not challenge the accuracy of the representations made in defendant's affidavit. (Rec. doc. 61). That being the case, it will be recommended that defendant's notice of appeal (rec. doc. 54) be deemed to be timely-filed.

## RECOMMENDATION

For the foregoing reasons, it is recommended that defendant's notice of appeal (rec. doc. 54) be deemed to be timely-filed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to objection. Douglass v. United States Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc.)

New Orleans, Louisiana, this  21st  day of February, 2007.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE